1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

ROBERT WHEELER,

CASE NO. 3:13-cv-1746-GPC-NLS

11

Plaintiff,

12

v.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

13

PREMIERE CREDIT OF NORTH AMERICA, LLC,

14

**[ECF No. 15]**

Defendant.

15

16

## I. INTRODUCTION

17

Before the Court is Defendant Premiere Credit of North America, LLC's ("Defendant") Motion for Summary Judgment. (ECF No. 15.) Plaintiff Robert Wheeler ("Plaintiff") opposes. (ECF No. 18.)

18
19
20

The parties have fully briefed the motion. (ECF Nos. 15, 18, 20.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law, the Court finds that the FDCPA provisions alleged by Plaintiff are not preempted and that Plaintiff has withdrawn his RFDCPA cause of action. Accordingly, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion for Summary Judgment.

21
22
23
24
25
26
27

## II. PROCEDURAL HISTORY

28

On June 11, 2013, Plaintiff filed a complaint in state court alleging two causes

of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), and (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (ECF No. 1-1, Ex. A.) On July 26, 2013, Defendant removed this case from state court to the United States District Court for the Southern District of California. (ECF No. 1.) On August 2, 2013, Defendant answered Plaintiff's complaint and alleged eleven affirmative defenses. (ECF No. 4.)

On August 15, 2014, Defendant filed this motion for summary judgment. (ECF No. 15.) On October 10, 2014, Plaintiff filed an opposition to Defendant's motion. (ECF No. 18.) On October 24, 2014, Defendant filed a reply to Plaintiff's opposition and a request for judicial notice. (ECF Nos. 20, 21.)

### III. FACTUAL BACKGROUND

Educational Credit Management Corporation ("ECMC") provides guarantor services to the United States Department of Education ("ED") in relation to federal student loans. (ECF No. 16 ¶ 4.) Defendant is an accounts receivable contractor authorized to perform collection activities on defaulted student loans on behalf of ECMC. (ECF No. 16 ¶ 24; ECF No. 15-1, at 5.)

On December 23, 1983, a federal student loan was taken out by someone alleging to be named Robert Wheeler. (ECF No. 16-2, Ex. B.) On October 31, 1985, final notice regarding the delinquency was sent to "Robert C Wheeler." (ECF No. 16-9, Ex. I.) Following a failure to cure the delinquency, the loan entered default and the note transferred to the guarantor, California Student Aid Commission ("CSAC"). (ECF No. 16 ¶ 19.) On April 8, 1991, CSAC obtained a judgment on the loan. (ECF No. 16-10, Ex. J.) On September 12, 2009, the note was transferred to ECMC. (ECF No. 16-11, Ex. K.) Pursuant to the defaulted loan, ECMC initiated administrative wage garnishment actions against Plaintiff. (ECF No. 16 ¶¶ 25–26.)

On March 30, 2012, Defendant sent Plaintiff a notice of wage garnishment. (ECF No. 16-14, Ex. N.) On April 30, 2012, Defendant received an unsigned letter from Plaintiff requesting a hearing regarding his wage garnishment and stating: (1) that the

1  wage garnishment would be an extreme financial hardship, and (2) that he did not owe
2  the debt. (ECF No. 15-12, Ex. D.) On July 27, 2012, Defendant received a signed letter
3  from Plaintiff again requesting a hearing regarding his wage garnishment and again
4  stating that he did not owe the debt. (ECF No. 16 ¶ 35; ECF No. 15-13, Ex. E.)

5       On September 21, 2012, ED held a hearing and issued a final decision regarding
6  Plaintiff's wage garnishment, finding that he had presented insufficient evidence to
7  prove that he did not owe the debt. (ECF No. 16 ¶ 38; ECF No. 15-14, Ex. F.) On
8  October 22, 2012, Defendant informed Plaintiff that, pursuant to the ED's decision, it
9  would continue to collect on the debt. (ECF No. 15-15, Ex. G.)

10      Plaintiff alleges that he was the victim of identity theft and that he did not take
11 out the loan at issue. (ECF No. 18-2 ¶ 5.) Based on the foregoing, Plaintiff alleges that
12 Defendant violated the FDCPA and RFDCPA in two primary ways: (1) collecting on
13 a debt that Plaintiff did not owe in violation of 15 U.S.C. § 1962f, and (2) making false
14 representations, including that Plaintiff owed the debt, in violation of 15 U.S.C. §
15 1692e. (ECF No. 1-1, Ex. A ¶¶ 4–11.)

16                          **IV. LEGAL STANDARD**
17 **A. Judicial Notice**

18      A court may take notice of undisputed "matters of public record" subject to
19 judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (citing
20 FED. R. EVID. 201; *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.
21 1986)). Under Federal Rule of Evidence 201, a district court may take notice of facts
22 not subject to reasonable dispute that are capable of accurate and ready determination
23 by resort to sources whose accuracy cannot reasonably be questioned. FED. R. EVID.
24 201(b); *see also Lee*, 250 F.3d at 689.

25 **B. Summary Judgment**

26      Federal Rule of Civil Procedure 56 empowers the Court to enter summary
27 judgment on factually unsupported claims or defenses, and thereby "secure the just,
28 speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477

U.S. 317, 325, 327 (1986); FED. R. CIV. P. 56. Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial. *Id.* at 322–23. If the moving party fails to bear the initial burden, summary judgment must be denied and the Court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citing FED. R. CIV. P. 56 (1963)). If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. *Id.* at 325. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing FED. R. CIV. P. 56 (1963)). In making this determination, the Court must "view [] the evidence in the light most favorable to the nonmoving party." *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001). The Court does not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the trier of fact. *Anderson*, 477 U.S. at 255.

1    **V. DISCUSSION**

2    **A. Judicial Notice**

3        Defendant seeks judicial notice of one document: an opinion in *Castagnola v.*
4    *Educ. Credit Mgmt. Corp.*, No. 14-3061 (6th Cir. Sept. 2, 2014). (ECF No. 21.)
5    Defendant's request for judicial notice is properly noticeable. An opinion in a federal
6    appellate case is a matter of public record and is capable of accurate and ready
7    determination. Finding the opinion relevant, the Court takes judicial notice of the
8    *Castagnola* opinion.

9    **B. FDCPA**

10       There are four elements to an FDCPA cause of action: (1) the plaintiff is a
11   "consumer" under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered
12   into for personal purposes; (3) the defendant is a "debt collector" under 15 U.S.C. §
13   1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C.
14   §§ 1692a–1692o. *See Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004).

15       Defendant does not argue that any elements of Plaintiff's FDCPA cause of action
16   are lacking,[1] rather Defendant argues that the FDCPA is inapplicable to this case
17   because either: (1) the Higher Education Act ("HEA") statutory provisions bar the
18   application of the FDCPA statutory provisions alleged by Plaintiff, or (2) HEA
19   regulations bar the application of the FDCPA statutory provisions alleged by Plaintiff.
20   (ECF No. 15-1, at 1; ECF No. 20, at 3.)

21       **1. Defendant Acted on Behalf of a "Guaranty Agency"**

22       First, to fall within the HEA statutory provisions and regulations cited by
23   Defendant, Defendant must be acting on behalf of a "guaranty agency" as defined in
24   the HEA. *See* 20 U.S.C. § 1095a; *see also Bennett v. Premiere Credit of N. Am., LLC*,
25   504 F. App'x. 872, 878–79 (11th Cir. 2013). Defendant argues that it has met this

26

27           [1] Defendant does appear to concede that, while it is a debt collector generally
28   subject to the FDCPA, the more specific provisions of the HEA obviate Defendant's
     requirement to comply with more general provisions of the FDCPA. (*See* ECF No. 20,
     at 3.)

requirement. (*See* ECF No. 15-1, at 3.) Plaintiff does not dispute that Defendant acted as an accounts receivable contractor for ECMC or that ECMC is a guaranty agency. (*See* ECF No. 15-1, at 5; ECF No. 18, at 15.) Contractors acting on behalf of guaranty agencies fall within the requirements of the HEA just as the guaranty agency itself does. *See Bennett*, 504 F. App'x. at 878–79. As it is undisputed that ECMC is a "guaranty agency" under the HEA, the Court finds that Defendant, acting as an accounts receivable contractor for ECMC, comes within the ambit of the HEA. *See id.*; *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1032 (9th Cir. 2009); (*see also* ECF No. 16-1, Ex. A).

### 2. Preemption

Second, Defendant argues that the HEA preempts the FDCPA. (ECF No. 20, at 3.) Citing *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260 (9th Cir. 1996) *cert. denied*, 521 U.S. 1106 (1997), Plaintiff argues that the Ninth Circuit has already rejected Defendant's argument. (ECF No. 18, at 15–16.) In *Brannan*, the Ninth Circuit held that: (1) the HEA preempted the Oregon Unfair Debt Collection Practices Act (the "UDCPA"); (2) a guaranty agency was subject to the FDCPA; and (3) the "government actor" exception did not apply to the guaranty agency. 94 F.3d at 1262. The *Brannan* majority observed that if a student loan defaulter in Oregon believed that a third-party debt collector had engaged in unfair pre-litigation debt collection activity, her remedy lied in the FDCPA, not the Oregon UDCPA. *Id.* (quoting 55 Fed. Reg. 40,120 (Oct. 1, 1990)) ("[W]hile the GSL regulations preempt inconsistent State laws regarding pre-litigation collection activity, 'significant Federal protection for GSL debtors remains under the FDCPA.'"). However, the Ninth Circuit has explicitly noted the limited scope of *Brannan*. *Rowe*, 559 F.3d at 1031–32. In *Rowe*, the court rejected the sweeping argument that *Brannan* "held categorically that collection activities of guaranty agencies under the HEA are subject to the FDCPA," stating that "*Brannan* should be read as deciding only that the 'government actor' exception does not apply to a guaranty agency." *Id.*

3:13-cv-1746-GPC-NLS

Additionally, the Secretary of Educations's 1990 "Notice of Interpretation" took particular note of "the existence of Federal law that regulated the conduct of these third party collectors of defaulted student loans. These debt collectors were subject to the Fair Debt Collection Practices Act (FDCPA) . . . prior to the promulgation of these [government student loan] regulations, and . . . even under these [state law] preempting regulations they remain subject to the FDCPA." 55 Fed. Reg. 40,120 (Oct. 1, 1990).

*Brannan* and the Secretary's Notice of Interpretation make clear that the FDCPA is not categorically trumped or preempted by the HEA. However, *Rowe* cautions courts to determine case-by-case whether the alleged debt collection activities are covered and subject to the FDCPA. Accordingly, the Court turns to the allegations, statutes, and regulations raised in this case.

### a. Statute

It is a general principle of statutory construction that specific statutes are given precedence over more general statutes. *See Busic v. United States*, 446 U.S. 398, 406 (1980). It is also the duty of the Court to "read potentially conflicting statutes so as to give effect to both wherever possible." *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 555 (1995) (O'Connor, J., concurring). "[W]hen two statutes are capable of co-existence," however, "it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari*, 417 U.S. 535, 551 (1974).

Defendant does not identify how the HEA and FDCPA statutes conflict and why the Court should give precedence to the HEA statute. Instead, Defendant contends that such a conflict exists when HEA is read along with its implementing regulations. (*See* ECF No. 15-1, at 1.) Defendant asserts that construction of HEA regulations directly affects the construction of the HEA statute. (*See* ECF No. 20, at 3.) However, Defendant fails to identify a case where allegedly conflicting statutes are interpreted by consulting their attendant regulations. In fact, Defendant's interpretation runs contrary to the holdings in *Morton* and *Vimar Seguros.* As such, the Court finds no

1   conflict between the HEA and FDCPA statutes.

2                               **b. Regulations**

3          Defendant next contends that 34 C.F.R. §§ 682.402(e), 682.410(b)(9),

4   682.410(b)(6)(vi), 682.410(b)(9)(i)(E)–(M) require that 15 U.S.C. §§ 1962e–1692f

5   give way. (*See* ECF No. 20, at 3.) Specifically, Defendant cites *Bennett v. Premiere*

6   *Credit of N. Am., LLC*, No. 4:11-cv-0124, 2012 WL 1605108, at *3 (S.D. Ga. May 8,

7   2012), *aff'd*, 504 F. App'x. 872 (11th Cir. 2013)*,* for the contention that "specific

8   requirements of [HEA regulations] take preference over any general inconsistences

9   with the FDCPA." (ECF No. 20, at 4.)

10         As an initial matter, while the *Pelfrey* case—from which *Bennett* draws its

11  language—states that the "specific requirements of the FFELP and attendant

12  regulations take preference over any general inconsistencies with the FDCPA," it

13  provides no support for such dicta. *Pelfrey v. Educ. Credit Mgmt. Corp.*, 71 F. Supp.

14  2d 1161, 1180 (N.D. Ala. 1999). Though it appears that the dicta in *Pelfrey* stems from

15  the Supreme Court's decision in *Busic*, *see* 71 F. Supp. 2d at 1179,[2] *Busic* merely

16  stands for the rule of statutory construction that "a more specific statute," not a more

17  specific regulation, "will be given precedence over a more general one," and thus does

18  not provide support for the dicta in *Pelfrey*. 446 U.S. at 406.

19         While specific regulations can take precedence over more general regulations,

20  *see Arzio v. Shinseki*, 602 F.3d 1343, 1348 (Fed. Cir. 2010), "a regulation does not

21  trump an otherwise applicable statute unless the regulation's enabling statute so

22  provides." *United States v. Maes*, 546 F.3d 1066, 1068 (9th Cir. 2008) (citing *Chevron*

23  *U.S.A. Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984)). Defendant

24  has not pointed to, nor has the Court found, any indication that the HEA enabling

25  statute intended for its regulations to preempt the FDCPA. This is consistent with the

---

26

27      [2] This dicta also appears to draw its language from case law related to federal preemption. *See, e.g.*, *Chae v. SLM Corp.*, 593 F.3d 936, 942 (9th Cir. 2010) (referring

28  to "the HEA and its attendant federal regulations"). However, federal preemption explicitly considers federal regulations because the issue is whether state law is preempted based on the Constitution's Supremacy Clause. *See id.* at 941.

Secretary of Education's own statement that third party debt collectors employed by guaranty agencies "remain subject to the FDCPA." *Rowe*, 559 F.3d at 1035 n.2.

Even if HEA regulations could trump broader FDCPA statutory provisions, it is unclear whether the HEA regulations and FDCPA statutory provisions actually conflict in this case. This stands in contrast to the regulations and statutory provisions at issue in the *Bennett* and *Moss* cases cited by Defendant. (*See* ECF No. 20, at 2.)

In *Bennett*, the defendant was required to notify the plaintiff's employer of a withholding order pursuant to 20 U.S.C. § 1095a and HEA wage garnishment regulations. *See* 2012 WL 1605108, at *3. This specific notification requirement conflicted with the FDCPA's general prohibition against communication with third parties and, thus, the court held that 15 U.S.C. § 1692c(b) was preempted. *Id.* Interpreting the same regulations and statutory provisions, the *Moss* court similarly held that "permitting a guaranty agency to contact an employer about commencing garnishment, does not violate the [FDCPA's] more general prohibition on communicating the existence of a debt with third-parties." *Moss v. Premiere Credit of N. Am., LLC*, No. 4:11-cv-0123, 2012 WL 5416928, at *3 (S.D. Ga. Sept. 26, 2012).

HEA regulations define a "borrower" as "[a]n individual to whom a FFEL Program loan is made." 34 C.F.R. § 682.200(b). Here, Defendant contends that its garnishment of Plaintiff's wages were required by HEA regulations, (*see* ECF No. 15-1, at 4, 6). However, HEA regulations only require a guaranty agency to initiate garnishment proceedings against "eligible borrowers" who have defaulted. 34 C.F.R. § 682.410(b)(6)(vi). If Plaintiff did not take out the loan, then he was not an "eligible borrower" and HEA regulations did not require Defendant to initiate wage garnishment proceedings against him. *See* 34 C.F.R. §§ 682.200(b), 682.410(b)(6)(vi). While some HEA regulations may conflict with some FDCPA statutory provisions, that would not necessarily be the case here. In contrast, the plaintiffs in *Bennett* and *Moss* alleged violations of 15 U.S.C. § 1692c(b), thus the conflict found by those courts does not exist in this case.

If Plaintiff did take out the loan, then Defendant's actions were required by HEA regulations and were not "per se violation[s]" of 15 U.S.C. §§ 1692e–1692f because Defendant's claim that Plaintiff owed the debt would be true and Defendant would have been authorized to collect the amount. (*Cf.* ECF No. 18, at 9–10.) In this instance, there is a potential for conflict or duplication of efforts in having administrative garnishment proceedings before the Department of Education and a separate FDCPA action to address the identical issues, i.e. whether the debt was owed and whether there was identity theft. Ultimately, any concerns regarding requiring debt collectors to comply with both HEA regulations and FDCPA statutory provisions are unfounded. The FDCPA contains a "bona fide error defense" which negates liability "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Where debt collectors initiate wage garnishment pursuant to an ED administrative decision validating a debt, the bona fide error defense likely protects such debt collectors from FDCPA liability. *Cf. Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530 (7th Cir. 2005) (finding that the bona fide error defense applied to a debt collector's allegedly faulty notice where the notice was approved and required by ED). As the FDCPA provisions alleged by Plaintiff are not preempted by either the HEA statute or its attendant regulations, the Court DENIES Defendant's motion for summary judgment on Plaintiff's FDCPA cause of action.

### 3. Factual Dispute

The parties dispute whether Plaintiff took out the loan at issue. (*Compare* ECF No. 15-1, at 4 *and* ECF No. 16-2, Ex. B *with* ECF No. 18-2 ¶ 5.) While Defendant appears to contend in its reply brief that ED's administrative decision definitively establishes that Plaintiff owes the debt, (*see* ECF No. 20, at 10–11), whether Plaintiff owes the loan at issue is immaterial for purposes of Defendant's summary judgment motion. Defendant moved for summary judgment on Plaintiff's FDCPA cause of action

solely on the basis that the FDCPA provisions alleged by Plaintiff conflict with the HEA. (*See* ECF No. 15, at 2.) Accordingly, the Court does not reach the issue of whether Plaintiff owes underlying debt. *See* FED. R. CIV. P. 56(a) (requiring that the moving party identify each claim or part of a claim on which it seeks summary judgment).

### 4. Statute of Limitations

Defendant further argues, without citation to any evidence, that the statute of limitations bars Plaintiff's cause of action for actions that occurred prior to either July 12, 2012, or July 13, 2012.[3] (ECF No. 15-1, at 25.) Plaintiff does not respond to Defendant's statute of limitations argument. (*See* ECF No. 18.) The FDCPA contains a one year statute of limitations. *See* 15 U.S.C. § 1692k(d). While Defendant argues that it should be granted summary judgment as to actions that occurred prior to either July 12, 2012, or July 13, 2012, Plaintiff's complaint appears to have been filed on June 17, 2013. (*See* ECF No. 1-1, Ex. A.) Thus there appears to be no basis for either the July 12, 2012, or the July 13, 2012, date. Accordingly, the Court DENIES Defendant's motion for partial summary judgment based on the statute of limitations.

**C. RFDCPA**

Defendant argues that the HEA preempts the RFDCPA. (ECF No. 15-1, at 13–17.) Plaintiff responds that he "voluntarily withdraws" his RFDCPA cause of action. (ECF No. 18, at 1 n.1.) As 20 U.S.C. § 1095a specifically states that guaranty agencies may garnish wages "[n]otwithstanding any provision of State law," the Court finds that Plaintiff's RFDCPA cause of action is preempted. *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1125 (11th Cir. 2004). Accordingly, the Court GRANTS Defendant's motion for summary judgment on Plaintiff's RFDCPA cause of action.

---

[3] Defendant is unclear as to whether it is moving for summary judgment on actions that occurred on July 12, 2012. Defendant's motion first states that actions "[p]rior to July 12, 2012" are barred, and then states that only actions "after July 12, 2012" are at issue. (*See* ECF No. 15-1, at 25.)

1  |  **VI. CONCLUSION AND ORDER**

2  |     Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion

3  |  for Summary Judgment, (ECF No. 15), is **DENIED** as to Plaintiff's FDCPA cause of

4  |  action and **GRANTED** as to Plaintiff's RFDCPA cause of action.

5  |  DATED:  January 14, 2015

6

7  |  HON. GONZALO P. CURIEL

8  |  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

         3:13-cv-1746-GPC-NLS